W. LAWRENCE OLIVER and HAZEL P. OLIVER, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Oliver v. Commissioner
Docket No. 3591-74.
United States Tax Court
T.C. Memo 1976-145; 1976 Tax Ct. Memo LEXIS 257; 35 T.C.M. (CCH) 656; T.C.M. (RIA) 760145; May 10, 1976, Filed W. Lawrence Oliver, pro se. Ronald M. Frykberg, for the respondent. WILES
MEMORANDUM FINDINGS OF FACT AND OPINION WILES, Judge: Respondent determined deficiencies in petitioners' income taxes of $6,066.13 for 1970 and $3,767.78 for 1971. Respondent *258 also determined additions to tax under section 6653(a) [1] of $303.31 for 1970 and $188.39 for 1971. Respondent has conceded that there is no addition to tax for either year.There have been other concessions. The issues remaining are: (1) Whether W. Lawrence Oliver (hereinafter petitioner) was entitled in 1970 and 1971 to deductions for "insurance and liability," "promotional expenses," and "value of loss of use by giving easement to City of Des Moines, Iowa"; (2) whether petitioner's gross receipts from law practice were understated by $645.43 in 1971; (3) whether petitioner was entitled to deductions in excess of amounts which respondent has allowed in 1970 and 1971 for expenses for "bar associations and meetings," "traveling away from home," and "entertainment and miscellaneous"; and (4) whether petitioner was entitled to a deduction in excess of $335.27 in 1970 for expenses for "leasing office equipment and moving office." GENERAL FINDINGS OF FACT Petitioner and his wife, Hazel, lived in Des Moines, Iowa, when they filed 1970 and 1971 income tax returns with the Internal Revenue Service *259 Center, Kansas City, Missouri, and when they filed their petition in this case. During the years in issue, petitioner was a practicing attorney. Issue 1
FINDINGS OF FACT Petitioner had gross income from rental property of $27,825 in 1970 and $27,380 in 1971. Respondent disallowed the following deductions from gross rental income: 1970
1971
"Insurance and liability"
$ 347.75
$ 494.99
"Promotional expenses"
1,020.10
939.60
"Value of loss of use
6,000.00
6,000.00
by giving easement to
City of Des Moines, Iowa"
The documentary evidence petitioner presented to support his "insurance and liability" deductions was the following: checks dated May 6, 1970, May 10, 1971, and September 7, 1971, for $347.75, $347.75, and $147.24, respectively, to Lincoln National Life Insurance Company. The documentary evidence petitioner presented to support his "promotional expenses" deductions was the following: checks dated December 7, 1971, and December 22, 1971, for $118.45 and $55.62, respectively, to Des Moines Register & Tribune Company, a check dated August 20, 1971, for $35.00 to International Council of Shopping Centers, and a check dated January 13, 1971, for *260 $55.00 to David Wade Industries, Inc. Respondent allowed the payments of $118.45, $55.62, and $55.00 in another deduction category, "entertainment and miscellaneous." Petitioner and his wife granted an easement to the City of Des Moines in 1968 over a two-acre strip of land. They also owned the adjoining 16 acres, which was subject to a 99-year lease, dated May 21, 1968, to Middle Iowa Real Estate Corporation. This lease was conditioned upon petitioner and his wife obtaining zoning for development and construction of a shopping center. Granting of the easement was necessary to obtain city approval of a zoning change, which would permit construction of the shopping center. Following granting of the easement, the desired rezoning was obtained, and the shopping center was subsequently constructed. The zoning change increased the value of the land which petitioner and his wife owned. OPINION Petitioner's gross income from rental property was $27,825 in 1970 and $27,380 in 1971. Respondent disallowed the following deductions from gross rental income: 1970
1971
"Insurance and liability"
$ 347.75
$ 494.00
"Promotional expenses"
1,020.10
939.60
"Value of loss of use
6,000.00
6,000.00
by giving easement to
City of Des Moines, Iowa"
*261 The first issue is whether respondent properly disallowed these deductions. Petitioner issued three checks to Lincoln National Life Insurance Company. He alleges that the amounts expended were for "mortgage insurance" premiums. However, we have only his testimony for this; he has not presented us with sufficient documentary evidence, as for example, insurance policies or premium notices, to prove his allegation. We hold that he has failed to carry his burden of proof. Welch v. Helvering,290 U.S. 111 (1933); Rule 142(a), Tax Court Rules of Practice and Procedure. Respondent thus correctly disallowed the "insurance and liability" expenses for 1970 and 1971. Petitioner offered oral testimony and various checks to prove he is entitled to deduct "promotional expenses." It is clear that respondent allowed petitioner to deduct certain of these expenses, in another deduction category," entertainment and miscellaneous." We think petitioner's oral testimony and the remaining checks are insufficient to prove that he is entitled to any other deduction in this regard for 1970 and 1971. Respondent thus correctly disallowed petitioner's promotional expenses for 1970 *262 and 1971.
Petitioner and his wife granted an easement to the City of Des Moines in 1968 over a two-acre strip of land. They also owned the adjoining 16 acres, which was subject to a 99-year lease, dated May 21, 1968, to Middle Iowa Real Estate Corporation. The lease was conditioned upon petitioner and his wife obtaining zoning for development and construction of a shopping center. Granting of the easement to the city was necessary to obtain city approval of a zoning change to permit construction of a shopping center. After granting the easement, the desired zoning was obtained, and the shopping center was constructed. The zoning change increased the value of the land which petitioner and his wife owned. Zoning costs are "capital expenditures, not amortizable because indefinite and undeterminable in the duration of their consequence, and recoverable through addition to the basis of the property rather than through periodic deduction." Arthur T. Galt,19 T.C. 892, 910 (1953), revd. in part and affd. in part on other issues 216 F. 2d 41 (7th Cir. 1954), cert. *263 denied 348 U.S. 951 (1955). [2] Accordingly, respondent correctly disallowed petitioner's deduction for the "value of loss of use." Issue 2
FINDINGS OF FACT Respondent determined that petitioner understated his gross receipts from the practice of law by $645.43 for 1971. Petitioner offered no evidence on this issue. Petitioner understated his income from the practice of law by $645.43 for 1971. OPINION The next issue is whether petitioner understated his gross receipts from the practice of law by $645.43 for 1971.Respondent determined that petitioner understated his income by this amount. Respondent's determination is presumptively correct. Welch v. Helvering,supra.Petitioner offered no evidence on this issue. Respondent's determination is therefore sustained. Issue 3
FINDINGS OF FACT Petitioner deducted, and respondent allowed, the following amounts in 1970 and 1971: 1970
Deduction
Allowed
"Bar Associations and Meetings"
$ 481.61
$379.80
"Traveling Away from Home"
1,152.06
376.33
"Entertainment and Miscellaneous"
1,586.87
853.22
1971
Deduction
Allowed
"Bar Associations and Meetings"
$2,007.00
[1] $1,053.96
"Traveling Away from Home"
3,336.46
"Entertainment and Miscellaneous"
1,578.39
1,105.23
*264 The documentary evidence which petitioner offered to support the disallowed portion of the deductions was as follows: (1) A check dated October 9, 1970, for $304.50 to Braniff Airlines. At the time of the trip, petitioner did not have the money to invest in a potential shopping center in Alabama and at the time of trial had made no such investment. (2) A check dated July 27, 1970, for $125 to the American Bar Association. Respondent allowed this payment as part of the $379.80 deduction for "bar associations and meetings" for 1970. (3) A check dated May 22, 1970, for $181.65 to United Airlines. Respondent allowed this payment as a deduction. (4) A check dated August 14, 1970, for $71.88 to Playboy Club International, Inc. (5) A check dated June 28, 1971, for $522.25 to United Airlines for a trip which petitioner and his wife took to New York. Respondent allowed $245 of such amount. (6) A check dated June 1, 1971, for $87.00 to the American Bar Association. Respondent allowed this payment as a deduction. (7) Checks dated March 4, 1971, and *265 July 20, 1971, for $200 and $2,390, respectively, payable to Iowa State Bar Association and Intrav, Inc., respectively. These checks and another $138 payment to Intrav, Inc., were for a two-week Mediterranean cruise which petitioner and his wife took during 1971. The letter and brochure publicizing the trip which petitioner and his wife received prior to deciding to go on the cruise described the cruise as a "Mediterranean adventure," "relaxing nonregimented holiday," "fabulous Mediterranean vacation," and an "unforgettable holiday." Petitioner deducted the cost of the cruise on his 1971 return as part of the $3,336.46 "traveling away from home" deduction. (8) Receipts and charge statements to support various gifts. Petitioner did not offer a diary, account book, or similar record into evidence to support his claimed deductions for entertainment and travel away from home. Petitioner claimed deductions for a hunting trip to Riverton, Iowa, in 1970 and for a fishing trip to Canada in 1971.
Among his deductions, petitioner claimed $101.81 and $151.30 for 1970 and 1971, respectively, in connection with attending, as a member, meetings of the State Advisory Committee to the Small *266 Business Administration. In 1970, $100 of the deduction was to compensate for income lost while attending the meeting; $1.81 was for parking. In 1971, $150 of the deduction was to compensate for income lost; $1.30 was for parking. OPINION The next issue is whether petitioner is entitled to certain deductions beyond the amounts respondent has allowed. The type of deductions, the amounts originally deducted, and the amounts respondent allowed were: 1970
Deduction
Allowed
"Bar Associations and Meetings"
$ 481.61
$379.80
"Traveling Away from Home"
1,152.06
376.33
"Entertainment and Miscellaneous"
1,586.87
853.22
1971
"Bar Associations and Meetings"
$2,007.00
$1,053.96
"Traveling Away from Home"
3,336.46
"Entertainment and Miscellaneous"
1,578.39
1,105.23
Petitioner's attempt to support these deductions beyond amounts respondent has allowed is wholly inadequate. Petitioner issued a check to Braniff Airlines allegedly to pay for transportation for himself and his wife to make a "feasibility study" for a shopping center in Alabama. When petitioner made the trip, he did not have the money to make an investment in the potential *267 shopping center in Alabama and at the time of trial had made no such investment. Expenses for trips to explore potential business or investment opportunities are not deductible. George A. Dean,56 T.C. 895, 902 (1971). The expenses attributable to his spouse's travel are not deductible in the absence of an adequate showing that the spouse's presence on the trip had a bona fide business purpose beyond the performance of some incidential service. Sec. 1.162-2(c), Income Tax Regs. Petitioner has made no showing that his wife's presence had any bona fide purpose. Petitioner submitted to the Court three checks to various parties to support deductions. However, respondent already allowed these amounts previous to trial. Petitioner submitted a check dated June 28, 1971, for $522.25 to United Airlines for a trip petitioner and his wife made to New York. Respondent allowed $245 of this amount as a deduction. Petitioner's testimony is insufficient to support any deduction beyond the amount which respondent has allowed. Petitioner submitted a *268 check dated August 14, 1970, for $71.88 to Playboy Club International, Inc., but offered no other evidence to establish a deductible expense. Respondent correctly disallowed the amount. Petitioner submitted checks payable to the Iowa State Bar Association and Intrav, Inc. The payments evidenced by the checks were for a Mediterranean cruise. The payments are not deductible. Sec. 262. Petitioner submitted receipts and charge statements for various gifts but has not established any business purpose for the gifts. Respondent's determination is sustained. In addition to the above, petitioner has not met the substantiation requirements of section 274 and the regulations thereunder for his "entertainment" and "traveling away from home" deductions. It is also clear that he took a hunting trip in 1970 and a fishing trip in 1971. The expenses incurred on those trips are nondeductible under section 262. Finally, among his deductions, petitioner claimed $101.81 in 1970 and $151.30 in 1971 for attending, as a member, meetings of the State Advisory Committee to the Small Business Administration. In 1970, $100 of the deduction was to compensate for income lost while attending the meeting; *269 $1.81 was for parking. In 1971, $150 of the deduction was to compensate for income lost; $1.30 was for parking. Section 1.170A-1(g), Income Tax Regs., clearly states that "[no] deduction is allowable under section 170 for a contribution of services." Thus a deduction to compensate for income lost while attending the meetings is not permissible. However, section 1.170A-1(g), Income Tax Regs., continues, "out-of-pocket transportation expenses necessarily incurred in performing donated services are deductible." Accordingly, petitioner may deduct his parking fees for 1970 and 1971.
In light of the foregoing, we hold that petitioner may not deduct expenses for "bar associations and meetings," "traveling away from home," and "entertainment and miscellaneous," beyond the amount respondent has allowed, except for his parking fees while attending meetings of the State Advisory Committee to the Small Business Administration. Issue 4
FINDINGS OF FACT For 1970, petitioner deducted $574.27 for expenses designated "leasing office equipment *270 and moving office." Respondent allowed $335.27 of that amount.The documentary evidence petitioner presented to support his deduction was a check dated December 29, 1970, to Jury Verdict Research, Inc., for $114. The check represented payment of the rental fee on a set of books. This payment was allowed as part of a $1,384.92 deduction for expenses for "library, periodicals, and supplies." OPINION The last issue is whether petitioner may deduct more than $335.27 in 1970 for expenses he has designated "leasing office equipment and moving office." To support a deduction greater than $335.27, petitioner offered a check dated December 29, 1970, to Jury Verdict Research, Inc., for $114. The check represented payment of the rental fee on a set of books. Respondent argues that the $114 payment was allowed as part of a $1,384.92 deduction for expenses designated "library, periodicals, and supplies"; petitioner has not proven otherwise; we hold for respondent on this issue. Decision will be entered under Rule 155. Footnotes
1. Statutory references are to the Internal Revenue Code of 1954, as amended.↩
2. See also Ackerman Buick, Inc.,T.C. Memo. 1973-224↩.
1. Respondent combined the amounts he allowed for 1971 for "Bar Associations and Meetings" and "Traveling Away from Home."↩